959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph SNABLE and Frieda Snable, Plaintiffs-Appellants,
v.
ACANDS, INC., et al., Defendants-Appellees.
 No. 91-1742.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1992.
 
 Before KEITH and SILER, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Joseph Snable, appeals the summary judgment dismissal of his asbestos-related products liability action based on Michigan's three-year statute of limitations.[1]
 
 
 2
 Defendants-appellees are twelve asbestos manufacturers. Plaintiff worked as a carpenter for many years and was exposed to asbestos products in the course of his employment. On November 3, 1986, plaintiff consulted his physician concerning the shortness of breath and fatigue he was then experiencing. The events of this day are at the center of this litigation. Defendants argue that this examination tolled the applicable statute of limitations because plaintiff should have been on notice of his asbestos-related claim given the circumstances. Plaintiff filed his complaint on April 13, 1990, more than three years after the November 1986 examination.
 
 
 3
 Although the parties read the facts of this case differently, they are not in dispute. At the 1986 examination, plaintiff's physician conducted a pulmonary function test. The physician's records reflect that the test was abnormal, and that plaintiff had been exposed to asbestos. The physician then specified "asbestosis" on a prescription form for a follow-up chest x-ray. Plaintiff apparently took this prescription form to a hospital where the x-ray was taken. The x-ray was negative.
 
 
 4
 Plaintiff testified at his deposition that he recalls neither the prescription form or its contents, nor discussing the possibility of an asbestos-related illness with his physician. Plaintiff's physician also related in a deposition that he could not specifically recall discussing the results of the pulmonary function test with plaintiff, but that it was his routine practice to discuss the causes of any abnormal test result with a particular patient. Schisler deposition, pp. 12-16. Plaintiff's physician did remark, however, that the normal x-ray may have influenced him in terms of what he might have told plaintiff. Schisler deposition, p. 18. Finally, plaintiff also has testified that it was not until 1988 that he became aware of the dangers of inhaling asbestos particles. Snable deposition, pp. 61-63. Plaintiff contends that because neither he nor his physician could recall whether a discussion of asbestosis occurred, a genuine issue of material fact exists.
 
 
 5
 The Michigan courts have given an expansive interpretation to Michigan's statute of limitations in products liability cases by applying the so-called "discovery" rule to determine when a claim accrues.[2] The Michigan Supreme Court has stated that "plaintiffs who develop asbestosis may bring a suit within three years after the time that they discover or should have discovered their disease."[3] Michigan courts have expressly rejected the argument that the statute of limitations does not begin to run until a plaintiff has received a definitive diagnosis of a specific ailment related to an exposure to hazardous material.[4]
 
 
 6
 The district court rejected plaintiff's contentions. The district court concluded that plaintiff had sufficient notice of his asbestos-related claim as of November 3, 1986, drawing an inference from the physician's routine practice to advise his patients of what he thought caused an ailment. The court further implied that this physician had no reason to deviate from that normal practice. The district court ultimately held that Michigan's three-year statute of limitations barred plaintiff's claim, and that summary judgment was appropriate.
 
 
 7
 This court recently examined Michigan's discovery rule in affirming a grant of summary judgment against a plaintiff with an asbestos-related claim.[5] There, some five years before filing suit, the plaintiff's physician told him that his lung fibrosis was related to work exposure to dust. At that same time, the plaintiff was aware that some of the dust he may have been breathing in was asbestos dust. Importantly, the plaintiff had also realized that asbestos dust may cause a lung-related disease.
 
 
 8
 Here, plaintiff was, at most, preliminarily diagnosed with "asbestosis" after an abnormal pulmonary function test. There is no positive evidence, however, that his physician informed him of this preliminary diagnosis. Neither the physician nor plaintiff recall discussing asbestosis. Plaintiff has also testified that he does not recall the prescription form or its contents. Moreover, plaintiff's physician testified that the normal x-ray may have influenced him in terms of what he would communicated to plaintiff. This testimony reinforces the inference that the physician may have had reason to deviate from his usual routine and may not have discussed the possibility of an asbestos-related illness with plaintiff. Finally, unlike the plaintiff in Kullman, plaintiff has stated that he was not aware of the hazards of asbestos until sometime in 1988.
 
 
 9
 The facts indicate that a genuine issue of material fact exists with regard to plaintiff's actual or constructive notice of his asbestos-related claim. The granting of summary judgment, therefore, was inappropriate. Accordingly, we REVERSE the district court and REMAND this matter for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable William Bertelsman, Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Mich.Comp. Laws § 600.5805(9)
 
 
 [2]
 Moll v. Abbott Labs., Nos. 115542, 115550, 1992 WL 17875 (Mich.Ct.App. Feb. 3, 1992) (DES claim). See also Larson v. Johns-Mansville Corp., 427 Mich. 301, 399 N.W.2d 1 (1986) (asbestosis claim)
 
 
 [3]
 Larson, 427 Mich. at 319, 399 N.W.2d at 9
 
 
 [4]
 Id. at 304-05, 399 N.W.2d at 2; Stinnett v. Tool Chemical Co., 161 Mich.App. 467, 411 N.W.2d 740, 742 (1987). See also Kullman v. Owens-Corning Fiberglas Corp., 943 F.2d 613, 614 (6th Cir.1991)
 
 
 [5]
 Kullman, 943 F.2d at 616